# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| NORTH AMERICAN VAN LINES, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) CAUSE NO.: 1:17-CV-298-TLS |
| NORTH AMERICAN PRIME INC. and EAN MANNING, | ) ) ) ) |
| Defendants. | ) ) |

## ORDER

In a June 20, 2018, Order [ECF No. 31], this Court found that the Defendants, North American Prime Inc. and Ean Manning, were in default and liable to the Plaintiff as alleged in the Plaintiff's Complaint [ECF No. 2]. The Court also referred the Plaintiff's Motion for Entry of Default Judgment [ECF No. 29] to Magistrate Judge Paul R. Cherry pursuant to 28 U.S.C. § 636(b)(1)(B) to calculate damages. (*See* June 20, 2018 Order.) On July 24, 2018, this Court issued an Order [ECF No. 35], clarifying that the Magistrate Judge was granted authority to conduct any proceeding deemed necessary to ascertain damages.

On October 17, 2018, Magistrate Judge Cherry issued a Report and Recommendation [ECF No. 40] setting forth a recommendation that the Court grant the Plaintiff's motion in part and grant with relief different than requested in part. Specifically, the Magistrate Judge recommended the following relief in favor of the Plaintiff:

(1) an award in the amount of $2,000,000 for trademark counterfeiting;

(2) an award in the amount of $100,000 for cybersquatting;

(3) injunctive and equitable relief in the form of: a) enjoining the Defendants from using the domain names containing "NORTH AMERICA" or "NORTH AMERICAN" when the domain names are used for the purpose of offering either goods or services of a type offered by the Plaintiff or with the purpose of redirecting internet traffic from the Plaintiff, b) stating the Defendants registered the domain names northamericaprime.com and northamericaprimelines.com in violation of the Anticybersquatting Consumer Protection Act, and c) ordering the Defendants to transfer the domain names northamericaprime.com and northamericaprimelines.com to the Plaintiff, if the Defendants retain any rights to those domain names.

(4) Reasonable attorney fees and costs; and

(5) Post-judgment interest pursuant to 28 U.S.C. § 1961.

The Magistrate Judge further recommended that the Court set a briefing schedule if the Court awarded attorney's fees.

This Court's review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636(b)(1)(C) which provides in part:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate. The judge may also receive further evidence or recommit the matter to the magistrate with instructions.

Any portion of the magistrate judge's disposition that is not objected to is reviewed for clear error. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

Objections to the Magistrate's Judge's Report and Recommendations must be made within fourteen days of service of a copy of the Report. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). No party has filed an objection to the Magistrate Judge's Report and Recommendation.

Having reviewed the Plaintiff's submissions, and having found no clear error in the Report and Recommendation, the Court ACCEPTS the Report and Recommendation [ECF No. 40] in its entirety and thereby:

(1) GRANTS IN PART and GRANTS WITH RELIEF DIFFERENT THAN REQUSTED IN PART the Plaintiff's Motion for Default Judgment [ECF No. 29] consistent with the Report and Recommendation [ECF No. 40];

(2) ENJOINS the Defendants from using the domain names containing "NORTH AMERICA" or "NORTH AMERICAN" when the domain name is used for the purpose of offering either goods or services of a type offered by the Plaintiff or with the purpose of redirecting internet traffic from the Plaintiff;

(3) ORDERS the Defendants to transfer the domain names northamericaprime.com and northamericaprimelines.com to the Plaintiff, if the Defendants retain any rights to those domain names;

(4) AWARDS the Plaintiff $2,000,000 for trademark counterfeiting;

(5) AWARDS the Plaintiff $100,000 for cybersquatting violations;

(6) AWARDS the Plaintiff reasonable attorney's fees and costs; and

(7) AWARDS the Plaintiff post-judgment interest pursuant to 28 U.S.C. § 1961; and

(8) DIRECTS the Plaintiff to submit briefing regarding the amount of attorney's fees to be awarded in this matter within fourteen (14) days of this Order. The Defendants will be provided fourteen (14) days to file a response to the Plaintiff's briefing.

SO ORDERED on December 3, 2018.

    s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT