# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| NORTH AMERICAN VAN LINES, INC., <br><br> Plaintiff, <br><br> v. <br><br> NORTH AMERICAN PRIME INC. and EAN MANNING, <br><br> Defendants. | CAUSE NO.: 1:17-CV-298-HAB |

## OPINION AND ORDER

The Plaintiff, North America Van Lines, Inc., obtained a default judgment in its favor against the Defendants, North American Prime Inc. and Ean Manning. (12/3/18 Opinion and Order, ECF No. 41.) The relief awarded in the final judgment is to include reasonable attorney fees and costs. The specific amount of attorney fees and costs has not yet been determined. On December 17, 2018, the Plaintiff filed its Brief in Support of Attorneys' Fees and Costs [ECF No. 42] with supporting documentation. This Opinion and Order determines the reasonable fees and recoverable costs.

## ANALYSIS

This is an action for willful federal trademark infringement and cybersquatting under the Anticybersquatting Consumer Protection Act (ACPA), 15 U.S.C. § 1125 *et seq.*, and common law unfair competition. The Court has awarded the Plaintiff statutory damages in the amount of $2,000,000 for trademark counterfeiting pursuant to 15 U.S.C. § 1117(c)(2), and $100,000 for cybersquatting pursuant to 15 U.S.C. § 1117(d). In addition, the Plaintiffs have obtained injunctive and equitable relief preventing the Defendants from using certain domain names in

connection with goods or services of the type offered by the Plaintiff or redirecting internet traffic from the Plaintiff.

Under 15 U.S.C. § 1117, trademark infringement plaintiffs may recover "the costs of the action," and "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). The award of costs is made as a matter of course. *Id.*; Fed. R. Civ. P. 54(d)(1). The decision to award attorney fees is left to the Court's discretion. *TE-TA-MA Truth Found.-Family of URI, Inc. v. World Church of the Creator*, 392 F.3d 248, 257 (7th Cir. 2004). Willful infringement on the part of defendants is one way in which a case may be "exceptional" for the purpose of awarding attorney fees. *NCAA v. Kizzang LLC*, 304 F. Supp. 3d 800, 813 (S.D. Ind. 2018) (citing *MetroPCS v. Devor*, 215 F. Supp. 3d 626, 638 (N.D. Ill. 2016)).

The Court has already determined that the Defendants willfully infringed on the Plaintiff's marks. In addition, although the Plaintiff filed a Motion to Enter Consent Judgment after the parties signed a settlement, the Plaintiff was forced to withdraw the Motion after the Defendants failed to enter appearances in this case as directed by the Court. The Plaintiff sought default instead but was delayed by Defendant Manning's evasion of service. For these reasons, the Court has determined that this is an exceptional case for which the Plaintiff may be awarded reasonable attorney fees.

To determine a reasonable fee award under a fee-shifting statute, a court relies on the "lodestar method." *See, e.g.*, *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551 (2010). The lodestar is the product of the hours reasonably expended on the case multiplied by a reasonably hourly rate. *Johnson v. GDF, Inc.*, 668 F.3d 927, 929 (7th Cir. 2012) (citing *Pickett v. Sheridan Health Care*, 664 F.3d 632, 640–43 (7th Cir. 2011)). The movant bears the burden of proving

that the requested hourly rate is reasonable and "in line with those prevailing in the community." *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 640 (7th Cir. 2011).

The Plaintiff asserts that $44,865.00 of fees were expended in the prosecution of this action based on 117.0 hours of attorney time. Additionally, $6,044.83 of costs were incurred. In support of its request that these amounts be awarded in full, the Plaintiffs provide the Declaration of Bryan P. Sugar, a partner in the law firm of Lewis Brisbois Bisgaard & Smith, and the lead attorney for the Plaintiff in this litigation. Exhibits to the Declaration include the attorney summary reports for each attorney who performed work in the case showing the date, hours spent, and description of services. A separate exhibit shows the summary of all disbursements for costs.

The Court must make a determination regarding (1) the number of hours reasonably expended by the Plaintiff's counsel, (2) the reasonable hourly rate for those services, and (3) costs. *Johnson*, 668 F.3d at 931 (first citing *Anderson v. AB Painting & Sandblasting Inc.*, 578 F.3d 542, 544 (7th Cir. 2009); then citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

A.   **Hours Reasonably Expended**

The billed time includes, but is not limited to, investigating, drafting the complaint, attempting to communicate with and serve the Defendants, negotiating the settlement, drafting status reports directed by the Court, drafting the Motion for Entry of Default and the Motion for Default Judgment, and making related court appearances. In Attorney Sugar's professional opinion, the services that counsel performed and the number of hours spent are reasonable considering the nature of the services and results achieved.

The Court has reviewed the time diaries and largely agrees, but with some exceptions. For example, on May 1, 2018, Attorney Mary Smigielski recorded 1.70 hours for time related to

an order entered by a judge who was not involved in this matter. There is no explanation of how that time is related to this litigation. Notably, although the time was recorded, it was not billed to the Plaintiff. The same holds true for other entries by Attorney Smigielski. The Court's review of the time diaries suggests that Attorney Smigielski did not invoice 11.8 hours of her otherwise billable time, and that this was most likely because it was duplicative of efforts made by other attorneys who were also billing time in this case. In total, five partner and four associates billed time in this matter.

Like Attorney Smigieski, Attorney Sugar did not bill all of his time to the Plaintiff; he excluded 3.5 hours. Two of the four associates who recorded billable hours did not have their work, totaling 8.1 hours, billed to the Plaintiff at all. Perhaps the Plaintiff, in addition to negotiating the hourly rate for Attorneys Sugar and Smigielski (see below), negotiated how many lawyers it would pay to work on the case or on a particular task. The Plaintiff's Brief in Support of Attorneys' Fees and Costs does not say.

This Court has an obligation to exclude from the lodestar calculation hours that were not "reasonably expended" on the litigation. *Hensley*, 461 U.S. at 434. The Defendants are not required to pay for hours that are "excessive, redundant, or otherwise unnecessary." *Id.* Based on its review of the time diaries, the Court finds that it is reasonable to conclude that the unbilled time falls within this category, and that the time actually invoiced is a better representation of the "billing judgment" that the lodestar is intended to capture. *Cf. Perdue*, 559 U.S. at 551 (noting that the lodestar method was adopted in part for its ability to produce an award that roughly approximates general billing practices).

Accordingly, the unbilled time will be deducted from the total award. The hours reasonably expended are 88.8 hours of partner time, and 4.8 hours of associate time.

**B.     Hourly Rate**

Attorney Sugar's Declaration establishes that partners working on the case billed at an hourly rate of $400. However, Attorney Sugar's standard hourly rate is $650. Likewise, Attorney Smigielski, who along with Attorney Sugar performed the majority of work on the case, typically bills at $650 per hour. They are 2001 and 1993 law school graduates who specialize in intellectual property and technology. Associates billed at an hourly rate of $250. Attorney Sugar submits that, in his professional opinion, the rates billed were in accordance with the market for legal services performed out of Chicago.

Reasonably hourly rates are derived from the market rate. *Johnson*, 668 F.3d at 933. "The best evidence of an attorney's market rate is his or her actual billing rate for similar work." *Id.* (citing *Pickett*, 664 F.3d at 639–40). According to Attorney Sugar's Declaration, the two attorneys who spent the majority of hours on this case typically bill $250 more per hour than what they submitted for fees in this case because the Plaintiff negotiated a lower rate for this matter only. Those rates, as well as those for the associates, are reflected in the time diaries that generated the client invoices. Accordingly, counsel has satisfactorily established that $400 is presumptively appropriate as the market rate for partner work, and that $250 is the presumptively appropriate market rate for associates in this trademark infringement action.

**C.     Costs**

A district court may not tax costs under Rule 54(d) unless a federal statute authorizes such an award. *Republic Tobacco Co. v. N. Atl. Trading Co.*, 481 F.3d 442, 447 (7th Cir. 2007)

(citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–43 (1987)). The list of recoverable costs authorized pursuant to 28 U.S.C. § 1920 include:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title; and

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. "[I]n addition to being authorized by statute, a cost must be both reasonable and necessary to the litigation for a prevailing party to recover it." *Little v. Mitsubishi*, 514 F.3d 699, 702 (7th Cir. 2008).

The Plaintiff's Disbursement Diary, which is the basis for its request for $6,044.83 in costs, contains charges that are not recoverable by statute. These include consulting services, investigations, postage and federal express charges, and Lexis research. The remaining items, court filing fees and service of process are recoverable. The filing fees of $511.00 are uncontroversial. Not so with the service of process fees. While fees for service of process are recoverable under 28 U.S.C. § 1920(1), they may not exceed the United States Marshals Service rate at the time process was served. *Collins v. Gorman*, 96 F.3d 1057, 1060 (7th Cir. 1996). As of 2017, the Marshals Service process serving fee was $65.00 per hour, plus travel costs including mileage. 29 C.F.R. §§ 0.114(a)(3) & (c). The Marshals Service also charges $8.00 per

item forwarded for service from one U.S. Marshals Service Office or suboffice to another. 29 C.F.R. § 0.114(a)(1).

Here, the Plaintiff paid First Legal Network, LLC, $1,076.25 for service of process. Although invoices from First Legal Network, LLC, are referenced in the Disbursement Diary, they are not included in the documentation submitted to this Court and the Disbursement Diary does not indicate how many hours were expended on service. Without this information, the Court cannot assess the necessity and reasonableness of the service fees. Consequently, the Court will award the minimum rate of $65.00 for service effectuated on August 7, 2017 (*See* Proof of Service, ECF No. 10), and March 30, 2018 (*See* Proof of Service, ECF No. 26), plus the $8.00 that the Marshals Service would have charged for forwarding service from this district's suboffice to an office in Florida, where the Defendants were served.

Accordingly, the Court will award costs in the amount of $657.00 ($511.00 for filing fees and $146.00 for service).

## CONCLUSION

For the reasons stated above, the Court AWARDS the Plaintiff $37,377.00 in attorney fees and costs ($36,720.00 attorney fees plus $657.00 costs). The Clerk will enter judgment in favor of the Plaintiff and against the Defendants as set forth in the Court's December 3, 2018, Order [ECF No. 41], as supplemented by this Opinion and Order.

SO ORDERED on May 17, 2019.

            s/ *Holly A. Brady*
            JUDGE HOLLY A. BRADY
            UNITED STATES DISTRICT COURT